UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| CAROLYN S. DENNIS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO.: 1:14-CV-248-TLS |
|  | ) |  |
| PATRICK R. DONOHOE, | ) |  |
| Postmaster General of the United States, and | ) |  |
| UNITED STATES POSTAL SERVICE | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

The Plaintiff, Carolyn S. Dennis, sued the Postmaster General and the United States Postal Service under Title VII of the Civil Rights Act of 1964. This matter is before the Court on the Government's Motion to Dismiss for Lack of Jurisdiction [ECF No. 7]. For the following reasons, the Motion is denied.

**PROCEDURAL BACKGROUND**

On August 18, 2013, the Plaintiff filed an Equal Employment Opportunity (EEO) Complaint against the Postal Service [ECF No. 3 at 5], alleging employment discrimination on the basis of race, color, and sex, and charging retaliation. On February 12, 2014, the Postal Service issued a Final Agency Decision [ECF No. 3 at 14] denying her claims. The Final Agency Decision provided notice to the Plaintiff of her right to file a civil action in United States District Court within 90 days. On May 8, 2014, the Plaintiff filed this civil action in the Allen Superior Court, Allen County, Indiana [ECF No. 3], and tendered summonses for the Postmaster General

and the Postal Service.[1] On August 14, 2014, the Government removed the case to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446(b) [ECF No. 1]. The record reflects that the Plaintiff did not tender summonses to either the United States Attorney or the United States Attorney General prior to the case's removal on August 14, 2014; although the Plaintiff did tender an alias summons to the United States Attorney on August 28, 2014 [ECF No. 10].

On August 19, 2014, the Government filed a Motion to Dismiss for Lack of Jurisdiction [ECF No. 7] and a Memorandum in Support of the Motion to Dismiss [ECF No. 8] pursuant to Federal Rule of Civil Procedure 12(b)(1). The Plaintiff filed a Response [ECF No. 9] on September 4, 2014, and the Government filed a Reply [ECF No. 13] on September 16, 2014.[2]

## ANALYSIS

In the Government's Motion to Dismiss, it asserts that this Court lacks subject matter jurisdiction over the Plaintiff's civil action because, prior to removal to federal court, the Plaintiff failed to properly file suit in state court within the statute of limitations for Title VII actions against a federal employer. The Government specifically relies on the doctrine of derivative jurisdiction. The Plaintiff contends, in part, that the doctrine of derivative jurisdiction is

---

[1] Both parties agree that the Postmaster General is the only proper defendant in this case. *See McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1322 (7th Cir. 1984) ("The only proper defendant in a Title VII suit is the head of the agency accused of having discriminated against the plaintiff."). This distinction, however, is a technical one. *Loeffler v. Frank*, 486 U.S. 549, n. 8 (1988) ("Whenever the head of the Postal Service acts in his official capacity, he is acting in the name of the Postal Service.").

[2] The Court notes that the Plaintiff has filed four separate lawsuits in federal district court over the last seven years— including the present lawsuit—all alleging Title VII claims against the Postal Service. *See Dennis v. Donohoe*, 2012 WL 1577445 (N.D. Ind. 2012); *Dennis v. Potter* (1:11-cv-58); *Dennis v. Potter*, 2010 WL 987217 (N.D. Ind. 2012). The Plaintiff's allegations in each case arose from separate incidents involving her employment with the Postal Service.

2

inapplicable here; and accordingly, 28 U.S.C. § 1448 and Federal Rule of Civil Procedure 4(m) allow the Plaintiff up to 120 days from the date of removal to perfect service.

A.   **Subject Matter Jurisdiction**

Indeed, "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction." *United States v. Cnty. of Cook, Ill.*, 167 F.3d 381, 387 (7th Cir. 1999). Federal jurisdiction "upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court." *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (quoting *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981). Under the derivative jurisdiction doctrine, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none." *Id.* (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). "Therefore, the state court must initially have jurisdiction to review the agency's decision for the district court to similarly acquire such authority on removal." *Id.* at 315.

Here, the Plaintiff filed in state court a civil action under Title VII, which is the exclusive remedy for discrimination suits by federal employees against federal agencies. 42 U.S.C. § 2000e-16(c). Because the Plaintiff's suit is against the United States Postal Service it is also governed by 39 U.S.C. § 409, which grants concurrent jurisdiction to state courts "over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a) ("[T]he United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service."); *see also Powers v. U.S. Postal Serv.*, 671 F.2d 1041, 1042 (7th Cir. 1982) (§ 409(a) "gives the federal courts, concurrently with the state courts jurisdiction over suits

3

by or against the Postal Service.").[3]

Therefore, the Court may adjudicate this case, unless subject matter jurisdiction is lacking due to the Plaintiff's failure to properly file suit within Title VII's statute of limitations. § 2000e-16(c).

1.  **Title VII Statute of Limitations**

Under § 2000(e)-16(c), a civil action must be commenced within 90 days of receipt of a final agency decision. *Id.* The record shows that the Plaintiff received a Final Agency Decision on February 12, 2014, and was granted 90 days—up to, and including May 13, 2014—to file a civil action. The Plaintiff filed a Complaint in state court on May 8, 2014, a date within the 90-day filing deadline. However, at the time of filing, the Plaintiff served the Postmaster General and the United States Postal Service, but did not serve either the United States Attorney nor the United States Attorney General, as required by Federal Rule of Civil Procedure 4(i).[4] In Indiana,

---

[3] The Government's brief includes a footnote stating that "[t]he United States for purposes of this motion to dismiss does not choose to challenge whether plaintiff filed in the proper forum." (Def's Mem. in Supp. of Mot. to Dismiss 4.) It should be noted that in *Bullock v. Napolitano*, a split Fourth Circuit panel held that Congress provided for exclusive jurisdiction in federal courts for Title VII suits against federal employers. 666 F.3d 281, 286 (4th Cir. 2012). Because the plaintiff in *Bullock* originally filed his Title VII suit in state court, the majority held that the derivative jurisdiction doctrine required the federal district court, upon removal from state court, to dismiss the case under Rule 12(b)(1) for lack of subject matter jurisdiction. *Id.* As the Government noted, the Seventh Circuit has not taken up this issue. Regardless, because the Plaintiff's suit is governed by § 409(a)—which grants concurrent jurisdiction to state courts "over *all* actions brought by or against the Postal Service," and moreover, does not include an exception for Title VII claims—this issue need not be considered here. § 409(a) (emphasis added).

[4] Rule 4(i)—which applies to cases brought under § 409, even when litigating in state court—requires a plaintiff to serve (1) the United States Attorney for the district where the action is filed, or an assistant United States attorney or clerical employee whom the United States attorney designates in writing filed with the court clerk; (2) the United States Attorney General; and (3) the federal agency or officer of the United States whose action(s) is being challenged. Fed. R. Civ. P. 4(i)(1).

a civil action is not timely commenced if the plaintiff files a complaint within the applicable statute of limitations but does not tender the "necessary" summonses to the clerk within the statutory period. *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 174 (Ind. 2002), *rev'd on other grounds*, *Ray-Hayes v. Heinamann*, 768 N.E.2d 899 (Ind. 2002); Ind. R. of Ct. 3. Thus, the Plaintiff's failure to serve the necessary summonses triggered a violation of the statute of limitations.

Title VII's statute of limitations is a condition to the waiver of sovereign immunity—and generally, such "conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957). However, in *Irwin v. Department of Veterans Affairs*, the Supreme Court held that the statutes of limitation in Title VII suits against the United States or one of its agencies are subject to the equitable remedies of estoppel and tolling. 498 U.S. 89, 95–96 (1990). According to the Court, "[s]uch a principle is. . . a realistic assessment of [the] legislative intent [of Title VII] as well as a practically useful principle of interpretation." *Id.* at 95. As the Seventh Circuit noted, *Irwin's* holding "is incompatible with a 'jurisdictional' characterization of a statute of limitations." *Wis. Valley Improvement Co. v. United States*, 569 F.3d 331, 333 (7th Cir. 2009) ("After *Irwin* . . . it is hard to understand how a 'jurisdictional' tag may be attached to any period of limitations, whether or not the United States is a party"); *see also Schmidt v. United States*, 933 F.2d 639, 640 (8th Cir. 1991) ("Necessary to [*Irwin's*] expressed holding is an implied holding that strict compliance with the statute of limitations [of Title VII] is not a jurisdictional prerequisite to suing the government. If the statute of limitations were jurisdictional, the court would have no power to

5

consider tolling it"). The message from *Irwin* is clear: Title VII's statute of limitations is not a jurisdictional barrier to relief.

Nonetheless, in support of its derivative jurisdiction theory, the Government cites several cases, most of which involve a diversity suit removed to federal court. *See Marshall v. Warwick*, 155 F.3d 1027 (8th Cir. 1998); *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160 (3d Cir. 1976); *Morton v. Meagher*, 171 F. Supp. 2d 611 (E.D. Va. 2001). In each case, the court dismissed a state-created action that, prior to removal, was time-barred by a state statute of limitations. *See, e.g.*, *Morton*, 171 F. Supp. 2d at 615 (removal to federal court "does not retroactively extend the time limits prescribed by state law in cases where service was untimely before the action is removed."); *Marshall*, 155 F.3d at 1033 (8th Cir. 1998) ("We do not believe that [removal to federal court] can 'resurrect' a . . . diversity case which would have been dismissed as time-barred had it remained in state court.").

However, none of the aforementioned cases cited by the Government were premised on the derivative jurisdiction doctrine, or even subject matter jurisdiction in general. Instead, each case involved a state cause of action and a state statute of limitations; and as a result, each case was premised on non-jurisdictional considerations of comity and federalism. *See, e.g.*, *Morton*, 171 F. Supp. 2d at 615 ("[I]t is contrary to the correlative doctrines of comity and federalism to allow a case that would be dead under state law to be revived upon removal by a federal court applying the same state law that would have led to the termination of the case in the state court.").[5] In contrast, the cause of action, statute of limitations and service requirements in this

---

[5]Although the court in *Witherow* referenced the derivative jurisdiction doctrine, it also made clear "that, unlike subject matter jurisdiction, the statute of limitations [at issue] is a waivable affirmative defense." 530 F. Supp. 2d at 168. And like *Morton* and *Marshall*, *Witherow* is premised on comity and

case are all dictated by federal law. 39 U.S.C. § 409; 42 U.S.C. § 2000(e)-16(c). Thus, the comity and federalism considerations here are far more limited.[6]

Moreover, outweighing any comity and federalism considerations here are the countervailing federal goals of Title VII—a statute with the broad purpose of "stamp[ing] out discrimination" on the basis of race, color, religion, sex, or national origin. *Hayden v. La-Z-Boy Chair Co.*, 9 F.3d 617, 619 (7th Cir. 1993); *see also Rennie v. Garrett*, 896 F.2d 1057, 1059 (7th Cir. 1990). By declaring the Plaintiff's Title VII suit as "dead" in state court due to procedural error, the Court would be rejecting controlling authority that requires a more flexible application of Title VII's procedural requirements. *See Irwin*, 498 U.S. at 95; *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 896 (1982) (emphasizing the "remedial purpose of [Title VII]" when construing its procedural requirements); *Rennie*, 896 F.2d at 1061 (citing *Zipes*, 455 U.S. at 394–95).

Accordingly, neither the derivative jurisdiction doctrine, nor the non-jurisdictional considerations of comity and federalism prevent the Court from adjudicating this case upon removal.

---

federalism considerations. *See id.* ("We discern valid reasons supporting the application of state law. And we perceive at work here no federal affirmative countervailing considerations.") (internal quotation marks and citation omitted).

[6]Even in cases where non-adherence to a state statute of limitations is at issue, disagreement exists among federal courts as to the propriety of the decisions cited by the Government. *See Baumeister v. N.M. Comm'n for the Blind*, 409 F. Supp. 2d 1351, 1353 (D. N.M. 2006) (rejecting dismissal because "[t]here is nothing . . . that points to the inexorable conclusion that a federal court must dismiss a case in which a plaintiff would have been subject to a motion to dismiss for improper or untimely service at the state level."); *Lawrence v. Hanson*, 197 F. Supp. 2d 533, 539 (W.D. Va. 2002) (rejecting dismissal because "it is the defendant who makes the decision to remove the case to federal court and restarts the clock.") (internal quotation marks and citation omitted)).

7

B.  **Opportunity to Perfect Service**

The Government appears to admit that, absent a jurisdictional bar, 28 U.S.C. § 1448 and Federal Rule of Civil Procedure 4(m) permit the Plaintiff an opportunity to perfect service upon removal. (Def's Mem. in Supp. of Mot. to Dismiss 5.) Section 1448 provides that:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448; *see* Fed. R. Civ. P. 4(m) (allowing 120 days to provide service following the original filing of a civil action in district court). Furthermore, a district court may in its discretion grant an extension of time to perfect service under Rule 4(m), with or without a showing of good cause. *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998); *Panaras v. Liquid Carbonic Indus., Corp.*, 94 F.3d 338, 341 (7th Cir. 1996). The Advisory Committee's Note to Rule 4(m) specifically states that courts should provide an extension to perfect service "to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations," and also in cases where "the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m) advisory committee's note.

Accordingly, the Court is persuaded that, upon removal, the Plaintiff—who, again, did file her Complaint in state court within the 90-day filing period, but failed to serve all of the necessary summonses—was entitled to 120 days to perfect service against the United States and its officers. This interpretation is not only consistent with § 1448 and Rule 4(m), but also the underlying goals of the Federal Rules of Civil Procedure. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for

decisions on the merits to be avoided on the basis of [] mere technicalities"); *Baumeister*, 409 F. Supp. 2d at 1353 ("Given the strong policy underlying the Federal Rules of reaching the merits of an issue . . . it seems the interplay of § 1448 and Rule 4(m) actually encourages courts to direct plaintiffs to perfect service"). Further, the Government has not provided any indication that it would suffer prejudice if the Plaintiff were to be granted an opportunity to perfect service. *See Brazell v. Green*, 67 F.3d 293, at *1 (4th Cir. 1995) (permitting the plaintiff to perfect service because "the defendants had notice of the suit and do not claim to have been prejudiced by [the plaintiff's] failure to properly serve them.")

As such, the Plaintiff should be given an opportunity to perfect service in accordance with 39 U.S.C. § 409 and Federal Rule of Civil Procedure 4(i).[7]

**CONCLUSION**

For the foregoing reasons, the Government's Motion to Dismiss Complaint Pursuant to Rules 12(b)(1) is DENIED. The Court GRANTS the Plaintiff thirty (30) days from the date of this Order in which to properly serve all pleadings (including a summons and Complaint) on both the United States Attorney for the Northern District of Indiana and the Attorney General of the United States. As to all pleadings filed by the Plaintiff henceforth, the Plaintiff is ORDERED to comply fully with the Federal Rules of Civil Procedure and with the service of process

---

[7]The Plaintiff briefly references the Government's failure to file a notice of removal within 30 days after service of the Complaint, as required by 28 U.S.C. § 1446(b). (Pl's Mem. in Opp. to Mot. to Dismiss 2.) However, considering that the Plaintiff is relying, in part, on § 1448 to perfect service upon removal, and moreover, has not filed a motion for remand to state court, the Plaintiff has effectively waived any objection to the 30-day requirement. *See Pettitt v. Boeing Co.*, 606 F.3d 340, 342–43 (7th Cir. 2010).

9

requirements set forth in Rule 4. The Plaintiff is advised that failure to perfect service within thirty (30) days from the date of this Order will result in the dismissal of her claims. Additionally, because the Postmaster General is the only proper defendant here, the United States Postal Service is DISMISSED as a party in this case.

    SO ORDERED on February 12, 2015.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT
                                            FORT WAYNE DIVISION